IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY HANNAH-JONES,<br><br>     Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC.,<br><br>     Defendant. | CIVIL ACTION NO. 1:24-cv-05318-SEG-WEJ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Amazon.com Services LLC[1] ("Amazon") submits this Memorandum of Law in support of its Partial Motion to Dismiss the First Amended Complaint of Plaintiff Gregory Hannah-Jones ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6). As more fully described below, the Court should dismiss Plaintiff's claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Counts I, III-IV) because Plaintiff failed to exhaust administrative remedies and his claims are untimely. The Court should similarly dismiss Plaintiff's Section 1981 claims (Counts II and V) to the extent that they are based on events outside the statute of limitations, and to the extent that they purport to allege retaliation based on sexual orientation, as only race-based claims are cognizable under Section 1981. The Court

---

[1] Plaintiff has improperly identified Defendant as Amazon.com Services, Inc. Plaintiff's employer and the correct Defendant is Amazon.com Services LLC.

1

also should dismiss Plaintiff's claims for discrimination in violation of the Washington Law Against Discrimination ("WLAD") (Counts VI-VII) because the WLAD does not apply to Plaintiff.

I.    **FACTUAL ALLEGATIONS**[2]

Amazon employed Plaintiff, who identifies as an African American, gay man, from April 22, 2019 through November 22, 2023. *See* ECF No. 6 ("FAC") ¶¶ 26-28. He began his employment in Seattle, Washington, transferred to Atlanta, Georgia in 2020, and periodically traveled to Seattle for work purposes. *Id*. ¶¶ 29-31. Plaintiff worked initially as the executive assistant to Reagan Cannon, Director for Digital Devices and Alexa Support, and then as the executive assistant to Tobin Weldele, Vice President of Worldwide Customer Service. *Id*. ¶¶ 35-36.

Plaintiff alleges that between 2021 and 2023, he was repeatedly denied promotion to a Level 6 position on account of his race, sex, and/or sexual orientation. *Id*. ¶¶ 38, 52. He claims that he needed Weldele's endorsement for these promotions, but that in 2021 Weldele, who works in Seattle, decided not to endorse him. *Id*. ¶¶ 43-44, 49. Plaintiff alleges less qualified white, straight, female employees were promoted throughout his employment. *Id*. ¶¶ 58-67.

---

[2] The allegations in the Complaint are taken as true for the purposes of this motion only, as required by Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff also claims that Cannon and Jean-Marc Dupont, "a white senior executive director of SDS operations, product and tech, and a supervisor to Plaintiff," subjected him to unwelcome harassment on account of his race and sexual orientation. *Id*. ¶¶ 74, 86. Plaintiff alleges Cannon required him to perform personal tasks for Cannon that were outside Plaintiff's job description, and Cannon once posted a confederate flag on her personal social media account on some unidentified date. *Id*. ¶¶ 85-95.[3] He claims Dupont was "overcritical of Plaintiff's work and emails," "frequently responded to Plaintiff's decisions with dismissive or belittling comments," publicly questioned Plaintiff's competence, and was "aggressive and hostile" towards him but not towards white, straight employees. *Id*. ¶¶ 74-80, 96. Dupont's conduct purportedly culminated in an incident on August 23, 2023, where Dupont publicly yelled at Plaintiff over technical issues in a meeting in Seattle, causing Plaintiff to believe Dupont was going to physically attack him, after which Dupont stormed out. *Id*. ¶¶ 81, 101-112.

Plaintiff alleges that "[w]ithin minutes of his interaction with Dupont," he "reported this incident" to Weldele and Alexsis Stevens, Head of Human Resources. *Id*. ¶ 113. Four months later, he submitted a report that stated "he believed he was

---

[3] Plaintiff does not specifically allege when this occurred, but he indicates that he ceased working for Cannon in 2021. *Id*. ¶¶ 38, 44 (alleging he began seeking promotion in 2021 at which point he needed his supervisor – Weldele, not Cannon – to approve).

3

being targeted on account of his race and sex/sexual orientation." *Id.* ¶ 116. Plaintiff's employment was terminated on November 22, 2023. *Id.* ¶¶ 122, 125.

On November 30, 2023, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") (Plaintiff's "First Charge"). *See id.* ¶ 12; Declaration of Dionysia Johnson-Massie ("Johnson-Massie Decl."), ¶ 2, Ex. 1.[4] The EEOC issued a right-to-sue letter on March 26, 2024. *See* FAC ¶ 13; Johnson-Massie Decl., ¶ 3, Ex. 2. On June 21, 2024, Plaintiff filed a complaint in this District (in Case No. 12:24-cv-02736-LMM) based on the First Charge, which the Court dismissed for failure to show proof of service of process. *See* Johnson-Massie Decl. ¶ 4, Ex. 3. Plaintiff did not amend that complaint. *See id.*

Plaintiff filed another Charge on June 20, 2024 ("Second Charge"), and the EEOC issued a right-to-sue letter on August 21, 2024. *See* FAC ¶¶ 14, 17; Johnson-Massie Decl., ¶¶ 5-6, Exs. 4-5. Plaintiff filed a new Complaint on November 19, 2024, and filed the present First Amended Complaint on February 4, 2025. *See* ECF No.1; FAC.

---

[4] The Court can consider Plaintiff's EEOC Charges, the EEOC's right-to-sue letters, and documents filed with the Court without converting this to a motion for summary judgment because they are central to Plaintiff's claims, their authenticity is undisputed, and they are public records. *See Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) ("In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading."); *Clark v. Bibb Cty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) (court may consider public records on motion to dismiss).

## II. MOTION TO DISMISS

### A. Legal Standard

Under Rule 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim may proceed only where a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal citation omitted). Failure to exhaust administrative remedies and failure to comply with a statute of limitations may be raised by a Rule 12(b)(6) motion. *See Carter v. Sec'y of Navy*, 492 F. App'x 50, 53 (11th Cir. 2012); *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

### B. Plaintiff Failed to Exhaust Administrative Remedies and His Title VII Claims Are Untimely.

The Court should dismiss Plaintiff's Title VII claims (Counts I, III-IV) because Plaintiff failed to exhaust administrative remedies and his claims are untimely.

By statute, before bringing a claim under Title VII, a plaintiff must first file a Charge with the EEOC within 180 days after suffering an alleged unlawful employment action. 42 U.S.C. § 2000e–5(e)(1); *Obester v. Lucas Assocs., Inc.*, No. 1:08-CV-03491-MHS, 2010 WL 8292401, at *27 (N.D. Ga. Aug. 2, 2010), report and recommendation adopted, No. 1:08-CV-3491-MHS-AJB, 2010 WL 8304884 (N.D. Ga. Sept. 7, 2010).[5] "If a plaintiff fails to file an EEOC charge before the 180–day limitations period, a subsequent lawsuit by the plaintiff is barred and ***must be dismissed*** for failure to exhaust administrative remedies." *Id*. (emphasis added) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

As an additional requirement, a plaintiff who ***timely*** files a Charge and receives a right-to-sue letter must file their complaint within 90 days of receiving that letter. *Cunningham v. United States*, No. 1:21-CV-708-TCB-JKL, 2021 WL 2518236, at *2 (N.D. Ga. Feb. 22, 2021), report and recommendation adopted, No. 1:21-CV-708-TCB, 2021 WL 2518234 (N.D. Ga. Mar. 15, 2021) ("When the

---

[5] As Georgia is a "non-deferral" state, the applicable limitations period is 180 days, not 300 days. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

6

employee receives a dismissal and right-to-sue notice from the EEOC, he then has 90 days to file a civil action against the employer.") (citing 42 U.S.C. § 2000e-5(f)(1)). Dismissal is appropriate when a plaintiff fails to file his lawsuit within 90 days of receiving the right-to-sue notice. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999).

Plaintiff alleges his employment was terminated on November 22, 2023, making that the last day he could allegedly have suffered an unlawful employment action. Plaintiff was required to file his Charge by May 20, 2024, 180 days later. 42 U.S.C. § 2000e–5(e)(1). Plaintiff timely filed his First Charge on November 30, 2023, and received a right-to-sue letter on March 26, 2024, meaning he had until June 24, 2024 to file his Complaint. 42 U.S.C. § 2000e-5(f)(1). Plaintiff did not file his Complaint, however, until November 19, 2024, 58 days after the expiration of the 90-day limitations period. Plaintiff's claims based on his First Charge should be dismissed. *Id.*[6]

As for his Second Charge, Plaintiff did not file it until June 20, 2024, more than 180 days after his employment ended on November 22, 2023, and one month after the expiration of the Charge-filing deadline with respect to his discrimination

---

[6] Although Plaintiff did timely file an earlier complaint based on his First Charge, that complaint was dismissed for failure to show proof of service of process, and the present Complaint cannot "relate back" to it and cure his failure to timely file in accordance with 42 U.S.C. § 2000e-5(f)(1). *See* Case No. 12:24-cv-02736-LMM, ECF No. 1, 8; *Titus v. Miami Dade Cty.*, 757 F. App'x 824, 827 (11th Cir. 2018) (later-filed complaint does not relate back to earlier complaint dismissed without prejudice to make later-filed complaint timely under Title VII, as later-filed complaint was a new action and not an amended pleading); *Craddock v. Becerra*, No. 1:22-CV-01443-JPB, 2023 WL 1099755, at *4 (N.D. Ga. Jan. 27, 2023) (same) (subsequent history omitted).

7

and retaliation claims (May 20, 2024), two days after the expiration of the Charge-filing deadline with respect to his harassment claim as to Dupont's alleged conduct (June 18, 2024),[7] and *years* after the expiration of the deadline with respect to his harassment claim as to Cannon's alleged conduct.[8] Plaintiff therefore failed to exhaust his administrative remedies and is barred from bringing any claim based on his Second Charge. *See Obester*, 2010 WL 8292401, at *27.

Because Plaintiff failed to exhaust administrative remedies as Title VII requires, rendering his claims untimely, each of Plaintiff's Title VII claims should be dismissed.

### C. Plaintiff's Section 1981 Claim is Barred in Part by the Statute of Limitations and Does not Apply to Sex/Sexual Orientation.

The Court must dismiss Plaintiff's Section 1981 claims (Counts II and V) to the extent that they are based on conduct outside the statute of limitations, and to the extent that they purport to seek relief for sex or sexual orientation discrimination and retaliation.

Section 1981 claims are subject to a four-year statute of limitations. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008). Plaintiff filed his FAC on February 4, 2025, meaning any conduct occurring prior to February 4, 2021,

---

[7] Plaintiff's harassment claim allegedly accrued in Washington, a deferral state, not later than August 23, 2023. *See Taye v. Vectrus Sys. Corp.*, No. 4:22-CV-200 (CDL), 2023 WL 4492463, at *2 (M.D. Ga. July 12, 2023) ("[T]he applicable EEOC Charge statute of limitations period stems from where the alleged discriminatory acts occurred, not wherever the Title VII or ADA plaintiff chooses to file her Charge."). 300 days from August 23, 2023, is June 18, 2024. Assuming, *arguendo*, the longer statute of limitations applies, Plaintiff's claim remains untimely.
[8] Plaintiff's FAC claims Cannon's conduct occurred sometime in 2021 or before. *See* FAC ¶¶ 38, 44.

8

is untimely.[9] *See id.*; FAC. Plaintiff vaguely alleges he was denied promotion "[f]rom 2021 to 2023," but does not specify the month or day. *See* FAC ¶ 38. To the extent that any alleged failure to promote occurred prior to February 4, 2021, it must be dismissed. Additionally, "[Section] 1981 applies only to race discrimination and retaliation." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1321 (N.D. Ga. 2009). Yet, Plaintiff specifically alleges his Section 1981 retaliation claim is based, in part, on his "opposition to the discriminatory treatment he suffered based on race ***and sexual orientation*** …" FAC ¶ 220. Because Section 1981 does not address claims based on sexual orientation, the Court must dismiss Plaintiff's retaliation claim in part.

### D. Plaintiff Cannot File Suit Under the WLAD.

Plaintiff cannot assert claims for discrimination[10] under the WLAD because the claimed wrongs occurred in Georgia, not Washington. To determine whether the WLAD applies to a non-Washington employee of a Washington employer, courts must conduct a choice of law analysis using the choice of law rules of the forum state. *See Guillot v. Potlatch Corp.*, No. CV-03-0465-JLQ, 2005 WL 8164962, at *2 (E.D. Wash. Feb. 10, 2005). In this Georgia forum, the traditional *lex loci delicti*

---

[9] As noted, Plaintiff's FAC does not relate back to his original Complaint. *See Titus*, 757 F. App'x at 827; *Craddock*, 2023 WL 1099755, at *4 .

[10] Although Plaintiff terms his claims "discrimination," his allegations clearly attempt to state claims for retaliation. *See* FAC ¶¶ 234-236, 254-254 (discussing protected activity and retaliatory discharge). These arguments apply equally, however, to any purported claim for discriminatory termination or failure to promote, as all such injuries necessarily occurred in Georgia, where Plaintiff lived and worked.

doctrine applies to statutory torts, according to which "the law of the place of the wrong governs the liability of the tort-feasor, and the location of the last event necessary to make the tort-feasor liable is the place of the wrong." *Argos USA LLC v. Young*, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *10 (N.D. Ga. June 28, 2019). The "place of the wrong" is defined as the place "where the injury sustained was suffered rather than the place where the act was committed." *Id*.; *see also Wright v. Divurgent LLC,* No. 1:14-CV-03272-RGV, 2015 WL 13778309, at *4 n.11 (N.D. Ga. Apr. 15, 2015) (assuming plaintiff's cited law applied for the purposes of analysis, but noting appropriate choice of law for harassment claim is where the harassment took place).

Plaintiff specifically alleges he resided and worked in Georgia since 2020. Thus, even though decisions with respect to Plaintiff's employment may have occurred in Washington, the place where Plaintiff suffered the injury is Georgia. *See id*. at *10 (dismissing trade secrets claim under South Carolina law because plaintiff-corporation was in Georgia and that is where injury was suffered, even though alleged stealing of confidential information occurred in South Carolina); *Polley v. Mohawk Indus., Inc.*, No. 4:03-CV-0350-HLM, 2005 WL 8157573, at *9 (N.D. Ga. Mar. 9, 2005), aff'd, 151 F. App'x 858 (11th Cir. 2005) (holding plaintiff employed in Georgia suffered termination in Georgia and could not bring claim under Illinois

10

law, despite claim being based on plaintiff's refusal to engage in illegal acts in Illinois). As such, the WLAD cannot apply to Plaintiff's claims.[11]

## III.  CONCLUSION

Based on the foregoing, Amazon respectfully requests that the Court (1) grant its motion; (2) dismiss Plaintiff's Title VII claims in their entirety, with prejudice; (3) dismiss Plaintiff's Section 1981 retaliation claim, in part and with prejudice, to the extent it alleges sex/sexual orientation-based retaliation; and (4) dismiss Plaintiff's WLAD claims in their entirety, with prejudice.

Dated:   February 28, 2025            Respectfully submitted,

*/s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie
Georgia Bar No. 393323
djmassie@littler.com
Kimberly C. Ohanuka
Georgia Bar No. 205963
kohanuka@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

[11] Although Plaintiff alleges the incident with Dupont occurred in Washington, he does not bring a claim for harassment under the WLAD.

## **FONT CERTIFICATION**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).

>                                                            */s/ Dionysia Johnson-Massie*
>                                                            Dionysia Johnson-Massie
>                                                            Georgia Bar No. 393323

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY HANNAH-JONES,<br><br>          Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC.,<br><br>          Defendant. | CIVIL ACTION NO.:<br>1:24-cv-05318-SEG-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher B Hall
Gordon Van Remmen
HALL & LAMPROS, LLP
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

/s/ Dionysia Johnson-Massie
Dionysia Johnson-Massie

1