## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GREGORY HANNAH-JONES,

               Plaintiff,

v.

AMAZON.COM SERVICES, INC.,

               Defendant.

CIVIL ACTION NO. 1:24-cv-05318-SEG-WEJ

## DEFENDANT AMAZON.COM SERVICES LLC'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

Amazon.com Services LLC[1] ("Amazon") submits this Reply in support of its Partial Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiff Gregory Hannah-Jones ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6).

### I. Plaintiff Concedes His Section 1981 Claims are Limited to Race and Only Date Back to 2021.

Plaintiff concedes that his Section 1981 claims only go back as far as 2021 and were limited to claims based on his race, effectively mooting Amazon's Motion as to that statute.[2] *See* ECF No. 12 at 7 (noting failure to promote claims allegedly accrued between 2021 and 2023, alleged termination occurred in 2023, and Plaintiff's Section 1981 claims are based only on race). Plaintiff's lengthy argument regarding whether he plausibly stated a claim under Section 1981 is irrelevant as

---

[1] Plaintiff has improperly identified Defendant as Amazon.com Services, Inc. Plaintiff's employer and the correct Defendant is Amazon.com Services LLC.

[2] Amazon inadvertently referenced the wrong date on which Plaintiff filed one of his three complaints. There was absolutely no intent to mislead.

Amazon's Motion was based solely on timelines and the scope of Plaintiff's Section 1981 claims appearing to exceed race claims, the only protected category that Section 1981 governs.[3]

## II.    Plaintiff Failed to Exhaust His Title VII Claims.

### A.    Any Claim Based on Plaintiff's First Charge Must be Dismissed for Failure to File Within 90 Days of Receiving His Right-to-Sue Notice.

Contrary to Plaintiff's assertion otherwise, filing an EEOC Charge is **not** the "final step in the administrative process prior to initiating this lawsuit." ECF No. 12 at 12. After timely filing a Charge, a plaintiff must wait until he receives a right-to-sue letter and only **then** may he file his lawsuit, which must be done within 90 days of receipt of the letter. *See Cunningham v. United States*, No. 1:21-CV-708-TCB-JKL, 2021 WL 2518236, at *2 (N.D. Ga. Feb. 22, 2021), report and recommendation adopted, No. 1:21-CV-708-TCB, 2021 WL 2518234 (N.D. Ga. Mar. 15, 2021) ("When the employee receives a dismissal and right-to-sue notice from the EEOC, he then has 90 days to file a civil action against the employer.") (citing 42 U.S.C. § 2000e-5(f)(1)). Dismissal is appropriate when a plaintiff fails to file his lawsuit within 90 days of receiving the right-to-sue notice. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339-41 (11th Cir. 1999).

---

[3] Amazon does not concede the truth of Plaintiff's allegations nor that he can prove his claim.

Plaintiff timely filed his First Charge on November 30, 2023 and received a right-to-sue letter on March 26, 2024, meaning he had until June 24, 2024 to file a Complaint based on that Charge. *See* 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed a Complaint on June 21, 2024 (in Case No. 12:24-cv-02736-LMM), which the Court dismissed for failure to show proof of service of process. See Defendant's Motion to Dismiss Brief ("Def.'s Br.") (Doc. 9-2) Ex. 3. Then,  Plaintiff filed a new Complaint reasserting allegations from his First Charge on November 19, 2024, 58 days after the expiration of the 90-day limitations period. Thus, any claim based on Plaintiff's First Charge should be dismissed as untimely. *See Zillyette*, 179 F.3d at 1339-41. Indeed, Plaintiff appears to concede the same, as he does not attempt to argue otherwise. *See* ECF No. 12 at 13-14.

**B.    Any Claim Based on Plaintiff's Second Charge Must be Dismissed for Failure to Timely File His Second Charge.**

Again contrary to Plaintiff's assertion, Amazon does not at all conflate Plaintiff's two Charges. While Plaintiff asserts that Washington's status as a deferral state provided him with 300 days to file an EEOC charge, Plaintiff was not denied a promotion or terminated in Washington, but instead in Georgia, which provides only 180 days to file a charge. "[T]he applicable EEOC Charge statute of limitations period stems from where the alleged discriminatory acts occurred, not wherever the Title VII or ADA plaintiff chooses to file her Charge." *Taye v. Vectrus Sys. Corp.*, No. 4:22-CV-200 (CDL), 2023 WL 4492463, at *2 (M.D. Ga. July 12, 2023)

(citation omitted)*; see also Arnold v. United Parcel Serv., Inc.,* No. 7:11-CV-00118 HL, 2012 WL 1035441, at *2 (M.D. Ga. Mar. 27, 2012) ("Where the alleged discriminatory act took place in a non-deferral state, the EEOC charge must be filed within 180 days of the act.").

The alleged failure to promote and the termination of Plaintiff's employment took place in Georgia, because Plaintiff admits he was living and working in Georgia at the time these events allegedly occurred. *See Argos USA LLC v. Young*, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *10 (N.D. Ga. June 28, 2019) ("the law of the place of the wrong governs the liability of the tort-feasor, and the location of the last event necessary to make the tort-feasor liable is the place of the wrong[,]" defining "place of the wrong" as "where the injury sustained was suffered rather than the place where the act was committed."). The fact that decisions about Plaintiff's employment were made in Washington – the only thing tying these claims to Washington – is irrelevant because Plaintiff suffered the injury in Georgia, where he lived and worked at all relevant times. *See id.* at *10; *Polley v. Mohawk Indus., Inc.*, No. 4:03-CV-0350-HLM, 2005 WL 8157573, at *9 (N.D. Ga. Mar. 9, 2005), aff'd, 151 F. App'x 858 (11th Cir. 2005).

As Plaintiff's alleged injuries with respect to his failure to promote and termination were suffered in Georgia, that is the state whose limitations period apply, and Plaintiff cannot evade it by filing his second Charge in Washington. *See Taye*,

2023 WL 4492463, at *2. Georgia is a non-deferral state, meaning Plaintiff must have filed his second Charge within 180 days of the alleged unlawful act. *See Wilkerson v. Grinnell Corp*., 270 F.3d 1314, 1317 (11th Cir. 2001). The latest possible unlawful act, the termination of Plaintiff's employment, allegedly occurred on November 22, 2023, meaning he must have filed his second Charge by May 20, 2024. *See* 42 U.S.C. § 2000e–5(e)(1). He did not do so until June 20, 2024, making it untimely. *See Obester v. Lucas Assocs., Inc.*, No. 1:08-CV-03491-MHS, 2010 WL 8292401, at *27 (N.D. Ga. Aug. 2, 2010), report and recommendation adopted, No. 1:08-CV-3491-MHS-AJB, 2010 WL 8304884 (N.D. Ga. Sept. 7, 2010).

The sole event Plaintiff alleges occurred in Washington, and thus the ***only*** one to which the 300-day limitations period could apply, is the incident with Dupont which allegedly occurred on August 23, 2023. Again, however, Plaintiff did not file his second Charge until June 20, 2024, while the 300-day limitations period ended June 18, 2024. *See Pandya v. Bank of Am.*, No. C23-1947JLR, 2024 WL 519178, at *5 (W.D. Wash. Feb. 9, 2024) ("a plaintiff must file his EEOC charge within 300 days of the allegedly offending conduct"). Plaintiff's second Charge is therefore untimely even with respect to the one claim that allegedly accrued in Washington.[4] *See Obester*, 2010 WL 8292401 at *27.

---

[4] Plaintiff concludes, with no explanation, that the 300-day limitations period applies to his termination claim. ECF No. 12 at 13-14. As clearly demonstrated herein and in Amazon's Motion, it does not. *See, e.g., Taye*, 2023 WL 4492463 at *2; *Arnold*, No. 7:11-CV-00118 HL, 2012 WL 1035441 at *2. To the extent that Plaintiff refers briefly – in a different section – to the continuing violations doctrine to try to save his hostile work environment claim, the

**III.    The WLAD Does Not Apply Because Plaintiff's Alleged Injuries Occurred in Georgia.**

For the same reason that the 180-day limitations period applies to Plaintiff's termination and failure to promote claims, such claims cannot be brought under Washington law. According to the choice of law analysis in Georgia, the forum state, "the law of the place of the wrong governs the liability of the tort-feasor, and the location of the last event necessary to make the tort-feasor liable is the place of the wrong." *Argos USA LLC*, 2019 WL 4125968 at *10*; see also Guillot v. Potlatch Corp.*, No. CV-03-0465-JLQ, 2005 WL 8164962, at *2 (E.D. Wash. Feb. 10, 2005) (holding whether to apply the WLAD to a non-Washington employee depends on the choice of law rules of the forum state). The "place of the wrong" is defined as the place "where the injury sustained was suffered rather than the place where the act was committed." *Id*.; *see also Wright v. Divurgent LLC*, No. 1:14-CV-03272-RGV, 2015 WL 13778309, at *4 n.11 (N.D. Ga. Apr. 15, 2015) (noting appropriate choice of law for harassment claim is where the harassment took place).

Plaintiff's only argument for applying the WLAD is that his employment relationship is tied to Washington and decisions were made in Washington. *See* ECF No. 12 at 14. This is insufficient to apply out-of-state law where the injury was

---

doctrine does not apply. The termination of Plaintiff's employment is a "discrete act," which is different in kind from the "minor incidents that alone would not be actionable but which become actionable due to their 'cumulative effect.'" *Villarreal v. R.J. Reynolds Tobacco Co.*, 702 F. App'x 797, 799 (11th Cir. 2017) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). His termination cannot be used to anchor Plaintiff's untimely hostile work environment claim. *See id.*

suffered in Georgia. *See id*. at \*10; *Polley*, 2005 WL 8157573 at \*9. Although the alleged incident with Dupont did occur in Washington, it did not involve any adverse employment action and thus cannot form the basis of any discrimination or retaliation claim for which injury occurred in Washington, and Plaintiff does not allege a claim for hostile work environment under the WLAD. *See* FAC, Counts VI-VII. Nor can Plaintiff rely on a vague need for discovery to demonstrate that he suffered injury in Washington. Plaintiff was fully aware, and specifically alleged, where he was living and working when he was passed over for promotion and was terminated, *i.e.*, where he was allegedly injured. No amount of discovery can change this. Nor is he entitled to discovery on any issue unless he plausibly states a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009) ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

The WLAD does not apply, and any claim based on the WLAD should be dismissed.

## IV.    CONCLUSION

Based on the foregoing, and for the reasons stated in Amazon's Motion to Dismiss, Amazon respectfully requests that the Court (1) grant its motion; (2) dismiss Plaintiff's Title VII claims in their entirety, with prejudice; (3) dismiss Plaintiff's Section 1981 claims, to the extent they are based on events prior to 2021,

as Plaintiff concedes they are not; and (4) dismiss Plaintiff's WLAD claims in their

entirety, with prejudice.

Dated:   April 10, 2025         Respectfully submitted,


/s/ Dionysia Johnson-Massie
Dionysia Johnson-Massie
Georgia Bar No. 393323
djmassie@littler.com
Kimberly C. Ohanuka
Georgia Bar No. 205963
kohanuka@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:     404.233.0330
Facsimile:     404.233.2361

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## **FONT CERTIFICATION**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).

                                   */s/ Dionysia Johnson-Massie*
                                   Dionysia Johnson-Massie
                                   Georgia Bar No. 393323

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GREGORY HANNAH-JONES,

          Plaintiff,

v.

AMAZON.COM SERVICES, INC.,

          Defendant.

CIVIL ACTION NO.:
1:24-cv-05318-SEG-WEJ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2025, I electronically filed the foregoing

**REPLY IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S**

**PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following:

Christopher B. Hall
Gordon Van Remmen
HALL & LAMPROS, LLP
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

*/s/ Dionysia Johnson-Massie*
Dionysia Johnson-Massie

1